IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**09 CIV. 9525**

---------------------------------------------------------------- x

PRASHANT BHUYAN,

        Plaintiff,

vs.

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP,

        Defendant.

---------------------------------------------------------------- x

**JUDGE KARAS**

## COMPLAINT- CLASS ACTION

### INTRODUCTION

1.     Plaintiff Prashant Bhuyan brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Wolf Haldenstein Adler Freeman & Herz LLP. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.     The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

4.     Venue and personal jurisdiction in this District are proper because defendant is located within this District.

### PARTIES

5.     Plaintiff Prashant Bhuyan is an individual who owns a residence in New York City, New York.

1

6. Defendant Wolf Haldenstein Adler Freeman & Herz LLP is a law firm organized as a limited liability partnership with offices at 270 Madison Avenue, New York, NY 10016.

7. Wolf Haldenstein Adler Freeman & Herz LLP regularly represents condominium associations and apartment cooperatives seeking to collect debts from their members. Its Web site (www.whafh.com) states that "We have one of the largest and most respected cooperative and condominium practices in New York State, representing over 250 buildings."

8. In connection with such representation, Wolf Haldenstein Adler Freeman & Herz LLP regularly uses the mails and telephones to collect debts incurred for personal, family or household purposes (housing) and owed to others.

9. Wolf Haldenstein Adler Freeman & Herz LLP is therefore a debt collector as defined in the FDCPA.

## FACTS

10. On or about October 9, 2009, Wolf Haldenstein Adler Freeman & Herz LLP sent plaintiff the letter attached as Exhibit A.

11. Exhibit A is a form letter regularly used by Wolf Haldenstein Adler Freeman & Herz LLP, differing only as to dates, addressees, name and address of the association and title of its governing body, and amount claimed.

12. Exhibit A sought to collect condominium association charges for a unit used by plaintiff as a residence.

## VIOLATION ALLEGED

13. Exhibit A violates 15 U.S.C. §1692g, by contradicting and overshadowing the required validation notice.

14. The letter threatens litigation if payment is not made "immediately" and states: "Please note, however, that the aforesaid thirty (30) day period does not suspend any legal proceedings which the Board may commence against you with respect to the indebtedness during

2

such thirty (30) day period."

15. In fact, a debtor who demands verification is entitled to have any collection activity including legal proceedings suspended until verification is provided.

16. In <u>Bartlett v. Heibl</u>, 128 F.3d 497 (7th Cir. 1997), the court suggested that the following explanation of the relationship between the collector's right to sue and the consumer's right to demand validation would satisfy the prior version of §1692g: "The law does not require me to wait until the end of the thirty-day period before suing you to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires me to suspend my efforts (through litigation or otherwise) to collect the debt until I mail the requested information to you."

17. The letter used by defendant says the exact opposite when it represents "that the aforesaid thirty (30) day period does not suspend any legal proceedings which the Board may commence against you with respect to the indebtedness during such thirty (30) day period."

18. Section 1692g provides:

**§ 1692g.  Validation of debts**

**(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the**

> thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
>
> (b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.
>
> (c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.
>
> (d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).
>
> (e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

## CLASS ALLEGATIONS

19. Pursuant to Fed. R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

20. The class consists of (a) all natural persons (b) to whom defendant sent a letter in the form represented by Exhibit A (c) during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

21. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

22. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA.

23. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

24. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

25. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other or further relief as the Court deems proper.

*/s/ Abraham Kleinman (AK-6300)*

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

Pro hac vice admission to be applied for.

Daniel A. Edelman
Cathleen M. Combs
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

_____
Abraham Kleinman (AK-6300)

T:\23741\Pleading\Complaint_Pleading.wpd

**EXHIBIT A**

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

FOUNDED 1888

270 MADISON AVENUE
NEW YORK, NY 10016
212-545-4600

750 B STREET · SUITE 2770
SAN DIEGO, CA 92101

625 NORTH FLAGLER DRIVE
WEST PALM BEACH, FL 33401

MARIA L. BELTRANI
DIRECT DIAL: 212-545-4674
FACSIMILE: 212-686-0114
beltrani@whafh.com

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
55 WEST MONROE STREET, SUITE 1111
CHICAGO, IL 60603

October 8, 2009

Prashant Bhuyan
[redacted]

-also to-

[redacted]

**Redacted**

Re: [redacted]

Dear Mr. Bhuyan:

    This firm represents the Board of Managers of [redacted] Condominium. We are writing to you with respect to the outstanding common charges, utilities, and late fees due in connection with your unit. It is our understanding that you owe the Condominium the sum of $15,061.94 through September 30, 2009.

    Please be advised that in the event that full payment of the outstanding common charges and late fees is not tendered immediately, the Board of Managers shall exercise any and all remedies available to it. In this regard, please note that the Board is entitled to file a lien against your unit and to foreclose on such lien. The Board is also entitled to commence a plenary action against you to recover a money judgment. In addition, the Board may recover from you the attorneys' fees it incurs as a result of your default.

    Please be further advised that this firm assumes the debt owed to the Condominium to be valid unless you notify us within thirty (30) days after receiving this letter that you dispute the validity of this debt or any portion thereof. If, within thirty (30) days after receiving this letter, you request, in writing, verification of the indebtedness, we will obtain and send same to you. Please note, however, that the aforesaid thirty (30) day period does not suspend any legal proceedings which the Board may commence against you with respect to the indebtedness during such thirty (30) day period. This is an attempt to collect a debt and any information obtained will be used for that purpose.

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

October 8, 2009
Page 2

        We trust you will forward the outstanding charges to the Condominium without further delay in order to avoid any unnecessary legal action. Should you wish to discuss this matter, please contact Alexis Valdes at (212) 545-4636.

                                        Very truly yours,

                                        Maria I. Beltrani

/558647

cc: Jeffrey Cohen